**RECEIVED**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MAY 1 7 2005

United States of America ex rel.

WALTER EDWARDS K-82688
(Full name and prison number)
(Include name under which convicted)

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**05C 2921**

PETITIONER

CASE NO: _____
(Supplied by Clerk of this Court)

vs.

Kenneth R. Briley
(Warden, Superintendent, or authorized
person having custody of petitioner)

**JUDGE BUCKLO**

RESPONDENT, and

MAGISTRATE JUDGE KEYS

(Fill in the following blank **only** if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

Case Number of State Court Conviction:

99 CR 1847

_____
(State where judgment entered)

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit Court of

   Cook County

2. Date of judgment of conviction: May 22, 2000

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   First Degree Murder

4. Sentence(s) imposed: 28 years

5. What was your plea? (Check one)  (A) Not guilty  ( X )
                                     (B) Guilty      (   )
                                     (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):   Jury ( X )      Judge only ( )

2. Did you testify at trial?   YES ( )      NO   (X)

3. Did you appeal from the conviction or the sentence imposed? YES ( X )   NO ( )

   (A) If you appealed, give the

       (1) Name of court:   Appellate Court of Illinois

       (2) Result:   conviction affirmed

       (3) Date of ruling:   August 1, 2001

       (4) Issues raised:   Whether the police acted illegally to obtain the juvenile's confession where Edward's was not given an opportunity to meaningful consult with his grandmother who waited at the station,

   (B) If you did not appeal, explain briefly why not: _____

4. Did you appeal, or seek leave to appeal, to the highest state court? YES ( X )   NO ( )

   (A) If yes, give the

       (1) Result   Denied

       (2) Date of ruling:   December 5, 2001

       (3) Issues raised:   Whether the police acted illegally to obtain the juvenile's confession where Edward's was not given an opportunity to meaningful consult with his grandmother who waited at the station,

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (X )

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( X)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A. Name of court: ___Circuit Court of Cook County_____

B. Date of filing: _____April 17, 2002_____

C. Issues raised: __Petitioner's Federally Protected Constitutional Rights

under the Fourth and Fifth Amendments of the United States Constitution

was violated_____

D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO ( X)

E. What was the court's ruling? ____Denied_____

F. Date of court's ruling: _____July 10, 2002_____

G. Did you appeal from the ruling on your petition?   YES (X )   NO ( )

H. (a) If yes, (1) what was the result? _____Denied_____

(2) date of decision: __January 30, 2004_____

(b) If no, explain briefly why not: _____

I. Did you appeal, or seek leave to appeal this decision to the highest state court?

YES (X ) NO ( )

(a) If yes, (1) what was the result? _____Denied_____

(2) date of decision: _____

(b) If no, explain briefly why not: _____

3

**TRIAL AND DIRECT REVIEW**

(4) Issues raised:

and where official police reports corroborate Edwards' claim
that police acted illegally to threaten, coerce, and question
him while he was held alone at the station?

**COLLATERAL PROCEEDINGS**

Issues raised:

(2) Petitioner contends his Federally Protected Constitutional
Rights To Due Process Of Law was violated where

(3) Petitioner's Federally Protected Constitutional Rights To
Due Process Of Law Under The Fifth And Fourteenth Amendments
Of The United States Constitution was violated.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )        NO ( X )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding    _____

      2. Date petition filed    _____

      3. Ruling on the petition    _____

      3. Date of ruling    _____

      4. If you appealed, what was
         the ruling on appeal?    _____

      5. Date of ruling on appeal    _____

      6. If there was a further appeal,
         what was the ruling ?    _____

      7. Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
               YES ( )   NO ( X )

   A. If yes, give name of court, case title and case number: _____

_____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date: _____

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO ( X )

If yes, explain: _____

_____

PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one  WHETHER THE POLICE ACTED ILLEGALLY TO OBTAIN THE JUVENILE'S
Supporting facts (tell your story briefly without citing cases or law): CONFESSION WHERE EDWARD'S WAS NOT GIVEN AN OPPORTUNITY TO MEANINGFUL CONSULT WITH HIS GRANDMOTHER WHO WAITED AT HTE STATION, AND WHERE

OFFICIAL POLICE REPORTS CORROBORATE EDWARDS' CLAIM THAT POLICE ACTED

ILLEGALLY TO THREATEN, COERCE, AND QUESTION HIM WHILE HE WAS HELD

ALONE AT THE STATION?

Walter Edward's was in ninth grade and 15 years old. He was handcuffed

taken from his home and locked alone in a room at the police station

for eight hours. Edwards' never met with grandmother until after


(B)  Ground two  DID THE CIRCUIT COURT JUDGE AND APPELLATE COURT ABUSE HIS
Supporting facts: DISCRETION WHEN HE SUMMARILY DISMISSED PRO SE PETITIONER'S REQUEST
FOR POST-CONVICTION RELIEF AS "FRIVOLOUS AND AS BEING PATENTLY

WITHOUT MERIT."

Even a cursory review of his original petition clearly reflects

that petitioner substantially stated his claims, provided evidentiary

support, and presented a clear and concise legal argument to support

submitted along with his petition, the court's below abused its

discretion by summarily dismissing petitioner's claims at the first

5

GROUND ONE:

his questioning. (who waited at the station), an attorney or a youth
officer to discuss his predicament.

In support of its claim that Edward's confession was "knowing
and voluntary" the State introduced the testimony of two Chicago
Police Officers, Lawrence Lynch and Ray Madigan. Officer Madigan
was present during the evening questioning of Edward's but he
did not know of Edward's treatment by police during the eight-
hours after his arrest. (A33) He testified that he "was not
aware" of any questioning of Edwards by police before the A.S.A
and grandmother were present. (A29) He denied making any threats
or promises to Edwards. (A33)

Officer Lynch denied that any police officer questioned Edwards
during the eight-hours after his arrest. But this claim was
contradicted by the Official Police Report which stated that
"Police questioned Edwards **before** Felony Review was even notified."
(A-23, see also argument A-82) Officer Lynch conceded that his
testimony conflicted with the official police report. Edwards
never met with a youth officer. Before being interviewed by
the A.S.A, Edwards did not ever meet privately with his grandmother
with an attorney or with any adult.

GROUND TWO:

stage of post-conviction proceedings, on grounds that petition
is frivolous or patently without merit, petition need only contain
a statement which presents gist of a meritorious constitutional
violation.

(C) Ground three  <u>WHETHER THE CIRCUIT AND APPELLATE COURT ABUSE ITS</u>
Supporting facts:
DISCRETION OVERLOOKING THE PERJURY TESTIMONY OF ALICE LARUE.

The petitioner here was offering prove of perjured testimony
that both courts overlooked and still denied petition. Under
Direct Examination by Steve Rosenblum A.S.A, Larue testified
that she was "Forty" years old, Larue went on to state she lived
in the area in which the homicide occurred, "all my life," and
was very familiar with gangs in that area of the city. Thereby
creating the inference to the triers of fact that she had known and

(D) Ground four  <u>WHETHER THE COURT ABUSE ITS DISCRETION IN NOT SUPPRESSING</u>
Supporting facts:
THE PETITIONER'S STATEMENT, DUE TO IT COERCIVE AND PROMISES BEING
MADE AND BEING QUESTION WITHOUT AN ADULT OR YOUTH OFFICER BEING PRESENT.

The test for the voluntariness of a confession is whether, under
the totality of the circumstances the statement was made freely,
voluntarily and without compulsion or inducement, or whether
the defendant's will was overcome. In cases involving juveniles,
key factors that must be considered include the time of day
of the questioning, and the presence of a parent or other concerned

2  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES (X)   NO ( )

3.  If you answered "NO" to question (16), state <u>briefly</u> what grounds were not so presented and why not:

6

**GROUND THREE:**

interacted with gangs and gangs members for a number of years, without pause, and over numerous defense objections and sidebars to the same.

Petitioner contends police reports and other pertinent documents reveals Larue was only (19) years old at the time of this testimony and the prosecution was privy to this information before her eventual testimony in this cause. Yet failed to correct the testimony of this witness in the presence of the triers of fact. Petitioner contends Larue also testified to being a <u>Forty year Old individual in several other trials of co-defendants in case no. 99CR 1847, although the same was in fact false</u>. Petitioner contends the State's position in allowing Larue to testify in this manner at several trials was done in an effort to <u>bolster her credibility with jurors and lengthen he "life experience" with street gangs in the area in which she lived.</u> It was also proffer in an effort to somewhat "certify" her an as expert of two gangs in particular, i.e. (Mafia Insanes and Renegade Vicelords).

Petitioner contends the testimony she gave as to her age at the time of his trial, which extended her "life experience" was false and in fact a form of <u>perjury</u> which violated the doctrine of the perjury law. In a certain case the Justices of the U.S. Supreme Court stated irrevocably that: "<u>A lie is a lie</u>, no matter what its' context and the District Attorney, as a representative of the people <u>must</u> correct what it knows to be false and elicit the truth," from its' witnesses.

GROUND THREE CON'T:

While many documents, (police reports, school records, etc.) clearly asserted that Larue was (19) years old at the time of defendant's trial, defendant contends the state allowed her to testify to being Forty to bolster their case against him and secure a conviction on false and perjured testimony. Petitioner contends the error of allowing said testimony to go unchallenged and failure of the State to correct the same was Prosecutorial Misconduct, violated Illinois Supreme Court Rule 615(a), and violated the "ethical duty" they had to ensure he recieved a fair and impartial trial. Petitioner contends the State's failure to correct the fraudulent testimony of Larue also violated the Plain Error Doctrines of the U.S. Supreme Court.

Petitioner contends the errors by the prosecution in this regard are magnified by the State's argument at sidebar held during the trial testimony of Alice Larue. The defense objected to the State's attempted to lay foundation through testimony which would erronously certify Larue as an expert of street gangs in the area in which she lived. However, the statement of A.S.A. Rosenblum during the sidebar conceeds to the fact he, as a State Attorney was attempting to lay a foundation that Larue's life experience clarified she knew of gangs and gangs members in the area in which she lived (C-32, C-33, C-34). Which advertently added nearly (20) years of life experience than she really had. This was error. Petitioner contends in an effort to qualm future argument by the State that any wrong stipulation of the actual age of Larue were "typos" or "mistakes," it should be noted the number of times she stated she was Forty, under

GROUND THREE con't:

oath and affirmation.

And the State's Attorney Office of Cook County has far too
many agents and representatives thereof to be without documentation
alluding to Larue's date of birth. Because her arrest records
and Chicago Public Schools Records are basically public record.
Which show she attended Bowen High School on the Southeast Side
of Chicago. The record is also clear in the trial of Lawrence
Coleman, held in the same year as defendant's Larue testified
she was "Forty years old" and in custody of the Cook County
Department Of Corrections on a charge of Possession Of A Controlled
Substance. (Coleman is a co-defendant, same criminal case number).

Meaning because of her Possession case, the State had documents
in their possession which revealed her true age, and did nothing
to correct what she told another jury assembled to deliberate
in this actual cause. This in and of itself shows the State's
penchant for allowing this witness to testify in a false manner
without providing correction to the same and lending to her
another Twenty years of "life experience" which she had not
attained. Petitioner contends all errors on behalf of the prosecution
as Plain Errors, which violate Illinois Supreme Court Rule 615(a),
and his 5th and 14th Amendments to Due Process of Law.

GROUND FOUR:

with the juveniles' welfare.

The record reveals that defendant was 15 years old at the
time of his arrest and interrogation and that he had very little
contact with the criminal justice system. Therefore, it is unlikely
that defendant was sophiscated enough to protect his rights
during a police interrogation, without the aid of counsel or
a concerned adult. This here shows that a juvenile's prior minimal
contact with police did not give him the sophistication or insight
on how to conduct himself while being interrogated by the police
in a criminal matter.

Here we deal with a person who is not equal to the police
in knowledge and understand of the consequences of the questions
and answers being recorded and who is unable to know to to get
the benefit of his constitutional rights. In sum, courts must
be particularly and vigilant in reviewing the circumstances
of a minors confession. Since juveniles can easily become victims
of the law. Here we got the State's Attorney and the police
in there with the juvenile before his grandmother appear. Then
he's telling his grandmother that the only way for him to go
home is that she sign the court reported statement. There is
no way he can come up with that on his own, so someone made
a promise to him, for him to repeat that to his grandmother.
The also testimony presented a credibility determination as
to whether police threathned or made promises to Edwards. Edwards
testified that he was questioned, threatened, and coerced by
the police three times at the station after his arrest. Police
witnesses deny this. However, the official Police Report corroborates

**GROUND FOUR Con't:**

the absence of counsel, to assure that the confession was not
coerced, suggested or a product of fright or despair.

Upon taking a minor into custody, the Juvenile Court Act
provides: "(1) A law enforcement officer who takes a minor into
custody **with a warrant shall immediately make a reasonable attempt
to notify that parent** or other person legally responsible for
the minor's care or the person with whom the minor resides that
the minor has been taken into custody and where he or she is
being held; and the officer **shall** without unnecessary delay
take the minor to the **nearest juvenile police officer** designated
for such purposes in the county or venue **or shall** surrender
the minor to a juvenile police officer in the city or village
where the offense is alleged to have been committed.

Even though the police told the uncle that they was taking
the minor to the station, and let the minor change clothes.
The thing is that they didn't take him to the nearest juvenile
officer. Not only that the uncle told them that he was calling
the legal guardian which was the grandmother. Even when the
grandmother arrived they still held her from seeing him until
they question him the way they wanted to. During the first time
it was said that they made her wait an hour and an half. Then
it was said that that they made her wait four hours to see the
youth. This is a classic case where police frustrated the mother
or guardian in seeing the youth. Here they already say to the
minor what they wanted to say to him before the grandmother
enter the room. The grandmother said it was hard for her to
pay attention, **but the minor said that they said, "if he sign**

GROUND FOUR Con't:

the statement he can go home,that's the only way for him to
go home." "It sound like a promise to me by someone."
Generally a trial court's ruling on a motion to suppress evidence
is subject to reversal only if manifestly erroneous. Let's examine
the totality of circumstances to determined whether a statement
was freely, without compulsion or inducement, considering the
characteristics of the accused and the details of the interrogation.
The given factors to be consider the defendant age, education,
intelligence, experience, and physical condition, and length
and intensity of the interrogation; the existence of threats,
promises, or physical coercion, whether the defendant was informed
of his constitutional rights.

Here they said the defendant is experience in being arrested,
just because he got a case three days before he got arrested,
here you can tell he wasn't experience because before he get
a full chance to go through the system somebody sign him out.
There is no per se right to consult with a parent before or
during questioning but police conduct which frustrates a parent
attempt to confer with a juvenile is a significant factor in
determining voluntariness of a juvenile's confession.

GROUND FIVE:

WHETHER THE PETITIONER WAS DENIED TRIAL AND APPELLATE
COUNSEL DURING HIS RIGHT TO HIS SIXTH AMENDMENT AS A
MATTER OF RIGHT OF AN APPEAL.

In bringing an appeal as of right from his conviction, a
criminal defendant is attempting to demonstrate that the conviction,
with it's consequent drastic loss of liberty, a criminal appellant
must face an adversary proceeding that-like at trial is governed
by intricate rules, that to lay person would be hopelessly forbidding.
An unrepresented appellant...is unable to protect the vital
interests at stake...nominal representation on an appeal as
right...does not suffice to render the proceedings constitutionally
adequate; a party whose counsel is unable to provide effective
reprentation, is in no better position than one who has no counsel
at all.

A first appeal as of right therefore is not adjudicated in
accord with due process of law if the appellant does not have
effective assistance of an attorney. In the instant case the
petitioner was denied the right to effective assistance of counsel.
"Even if counsel will not-or-need not accompany the defendant
on his entire appellate journey, they may not strip the client
of...viable arguments before leaving the scene," because trial
and appellate defense counsel abandoned a viable federal defense
on direct appeal in a situation that can hardly be termed "tactful,"
the petitioner was deprived of effective assistance of counsel,
trial and appellate counsel's failure to raise this on appeal
created a procedural default that limited review for errors.
Counsel's deficient conduct therefore worked to defendant's
actual and substantial disadvantage, by limiting his ability

GROUND FIVE Con't:

to redress those issues that infected his entire trial with

error constitutional dimensions.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___N/A___

(B) At arraignment and plea ___N/A___

(C) At trial ___Bernard Sarley___ 26th & California

(D) At sentencing ___Bernard Sarley___ 26th & California

(E) On appeal ___Tim Leeming, Assit Public Defender, 69 West Washinton___

(F) In any post-conviction proceeding ___Ms. Lynn Flanagan Wilson, Appellate Defender___

(G) Other (state): ___N/A___

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (x)

Name and location of the court which imposed the sentence: ___N/A___

Date and length of sentence to be served in the future ___N/A___

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____          _____
          (Date)                              Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_(signature)_
(Signature of petitioner)
K82688
(I.D. Number)
P.O.Box 112 Joliet Il 60434
(Address)

REVISED 01/01/2001

7